

RECEIVED KRA
7/18/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**1:22-CV-03732**

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DELORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. ~~RANDOM~~ |
| | ) | |
| CRST THE TRANSPORTION | ) | |
| SOLUTION, INC., et al. | ) | |
| a.k.a. CRST TRUCKING | ) | |
| | ) | |
| Defendants. | ) | |

JUDGE ELLIS
MAGISTRATE JUDGE FUENTES

## COMPLAINT AT LAW

NOW COMES the Plaintiff, would show unto this Honorable Court the following in support of his complaint:

1.     The Plaintiff is a resident of the Village of Inverness, County of Cook, State of Illinois.

2.     The Defendant is a Corporation chartered and registered to do business in the State of Iowa, County of Linn, however, provides trucking services in all of the continental United States.

### COUNT 1 - NEGLIGENCE AND PERSONAL INJURY
### against CRST THE TRANSPORTATION SOLUTION, INC., ET AL.

3.     The Plaintiff, Richard Delorto, was an employee of the Defendant at the Defendant's Cedar Rapids, Iowa location, providing over the road trucking services.

4.     This action is brought under *Federal Question Jurisdiction 28 USCS 1131.*

1

5.      This action is also brought *under 29 USCS Section 2601, The Family Leave Act, 42 USCS Section 12101 et seq., the Americans with Disabilities Act, 42 USCS Section 2000e-2.et seq. Title VII of The Civil Rights Act of 1964* and the *14th Amendment of the United States Constitution*.

6.      The Plaintiff attended CDL A truck driving training at CRST's Cedar Rapids location in Iowa.

7.      After training, the Plaintiff was hired on as an over the road CDL Class A truck driver employee for CRST Trucking.

8.      On April 10, 2018, while performing his duties in his CRST semi-tractor truck, Plaintiff injured his **right drive knee** while attempting to climb up to the top bunk of the semi-tractor.  The CRST-owned semi-tractor had no ladder in which to climb up to the top bunk, hence, Plaintiff fell down and injured his **right drive knee** as a result.  Plaintiff believes Defendant is negligent due to not mandating that all semi-tractors owned by CRST are supplied with ladders in which to climb to the top bunk safely.

9.      At that time, Plaintiff's lead co-driver called an ambulance to bring him to **Methodist Hospital** in Indianapolis, Indiana as they were traveling through **Indiana** when the incident occurred.

10.     At that time, Plaintiff was diagnosed with a **torn meniscus** of the **right drive knee** (**see Exhibit 1**).

11.     Plaintiff contacted his driver manager at the corporate office in Iowa, and explained what had happened as was protocol and according to the rules and procedures of CRST.

12.     Plaintiff's driver manager at corporate headquarters told Plaintiff that when he leaves the hospital, they will pay for a ticket to bring him home by bus.  Plaintiff's driver manager stated that their insurance company will not allow Plaintiff to drive any vehicle at this point because of his **injured my right drive knee.**

2

13. Plaintiff proceeded to return home and contacted CRST for follow-up instructions.

14. A worker's compensation claim #CRL149076A was filed with CRST (**see Exhibit 2**). Final appeal for this matter was decided in January of 2022. Plaintiff believes this timeframe should bring the statute of limitations under the required limited timeframe.

15. Plaintiff was referred to CRST's doctors in the Chicago area, being Physician's Immediate Care located at 7425 Barrington Road, Hanover Park, IL 60133, wherein he met with their physician's assistant, Jamie Antecevich.

16. Plaintiff was ordered to have an MRI and PA Antecevich's report stated that Plaintiff could absolutely not drive and could ambulate with crutches only (**see Exhibit 3**).

17. Plaintiff was then referred to Dr. Theodore Suchy of The Center for Sports Orthopedics located at 1585 North Barrington Road, Suite 101, Hoffman Estates, IL 60169 (**CRST's doctor**). Dr. Suchy's diagnosis was an internal derangement of the right knee, ordered physical therapy and then proceeded to operate on Plaintiff's knee in October of 2019.

18. On August 18, 2019, Plaintiff stepped down into his family room wherein his **drive knee buckled,** causing him to fall to the floor, resulting in a torn rotator cuff as diagnosed by CRST's surgeon, Dr. Theodore Suchy.

19. Plaintiff was taken promptly to the emergency room by ambulance (**see Exhibit 4**).

20. After Plaintiff's October 2019 right knee surgery performed by Dr. Theodore Suchy, **(CRST's recommended doctor),** he told Plaintiff in the recovery room that a total right replacement was needed. This was scheduled for April 2020, however, due to the pandemic, surgery was cancelled.

21. CRST's orthopedic surgeon, Dr. Theodore Suchy, **(CRST's recommended doctor),** also diagnosed a possible hip replacement which was

caused by limping due to the **right drive knee injury** sustained while working for CRST Trucking.

WHEREFORE, the Plaintiff prays for the following relief:

a.    The Defendant owed the Plaintiff a duty of care;

b.    The Defendant failed to meet that duty;

c.    But for the Defendant's failure, the Plaintiff would not have been injured;

d.    The Defendant's failure (and not something else) caused the Plaintiff's injury; and

e.    The Plaintiff has actually been injured and suffered some loss in the course of his employment with CRST Trucking.

f.    For any other remedy or relief that the Court deems equitable and proper.


## COUNT 2 - BAD FAITH INSURANCE CLAIM
### against CRST THE TRANSPORTATION SOLUTION, INC., ET AL.

Iowa law has recognized the claim for first party bad faith since 1988. See *Dolan v. Aid Ins. Co., 431 N.W.2d 790 (Iowa 1988)*. Under Iowa law, a claimant must prove by substantial evidence that there is no reasonable basis for denying or delaying your benefits and the insurance carrier knew or should have known that its refusal or delay was without a reasonable basis.

22.    Plaintiff realleges and incorporates by reference paragraphs 1 - 21.

23.    The insurance adjuster for CRST Trucking is Max Huss of CBCS who initiated Plaintiff's worker's compensation benefits on April 10, 2019, however, discontinued them along with any and all medical benefits as of August 28, 2019 (**see Exhibit 5**).

24.    Additionally, when Plaintiff inquired on his employment status in August of 2019, the driver manager in charge told Plaintiff that he was "not on the roster." (**See Exhibit 6**)

25.    Plaintiff truly believes the worker's compensation benefits were discontinued and that Plaintiff was terminated as retaliation for filing a worker's compensation claim against CRST Trucking, et al. *513 N.W.2d 762 (1994) Greg Brown V. Liberty Mutual Insurance Company; Boylan v. American Motorists Insurance Co., 489 N.W.2d 742 (Iowa 1992); Dolan v. AID Insurance Co., 431 N.W.2d 790 (Iowa 1988)*.

26.    The Plaintiff has sustained the following damages:

       a.    Plaintiff had to rely on those weekly worker's compensation checks to sustain his family.

       b.    Because Max Huss, as an insurance representative for CRST Trucking, had discontinued Plaintiff's worker's compensation benefits, Plaintiffs' home is now in foreclosure and they are facing bankruptcy.

       c.    That any and all medical procedures, including the surgery in October of 2019 and the upcoming shoulder surgery, possible hip replacement, and total right knee replacement have to be paid for by Plaintiff and Medicare.

WHEREFORE, the Plaintiff prays for the following relief:

       a.    The Defendant owed the Plaintiff a duty of care;

       b.    The Defendant failed to meet that duty;

       c.    But for the Defendant's failure, the Plaintiff would not have been injured;

       d.    The Defendant's failure (and not something else) caused the Plaintiff's injury; and

       e.    The Plaintiff has actually been injured and suffered some loss in the course of his employment with CRST Trucking.

5

f.   The Plaintiffs seek damages for personal injury and negligence **(not having a ladder in the semi-tractor to be able to reach the top bunk)** of the Defendant in the amount of $85,000.

g.   For any other remedy or relief that the Court deems equitable and proper.

### COUNT 3 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (in the alternative) against
### CRST THE TRANSPORTATION SOLUTION, INC., ET AL.

27.   Plaintiff re-alleges and incorporates by reference Paragraphs 22 – 26.

28.   Plaintiff truly believes the worker's compensation benefits were discontinued and that Plaintiff was terminated as **retaliation** for filing a worker's compensation claim against CRST Trucking, et al.

29.   Plaintiff truly believes Defendant's conduct in discontinuing Plaintiff's weekly benefits and medical benefits can be defined as truly **extreme and outrageous,** and that the Defendant intended that their conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress.

30.   Defendant's conduct did in fact cause severe emotional distress as Plaintiff's home is now in foreclosure. *Doe v. White, 627 F. Supp. 2d 905, 912 (C.D. Ill. 2009).*

31.   That Defendant's conduct was more than malicious and intentional; *Viehweg v. Vic Tanny Intern. of Missouri, Inc., 732 S.W.2d 212, 213 (Mo.App.1987).*

WHEREFORE, Plaintiff requests the following:

A.   All remedies as stated under Count 1 and Count 2 are hereby incorporated by reference; and

B.     For any other remedy or relief that the Court deems equitable and proper.

WHEREFORE, the Plaintiff prays that the proper process be issued to the Plaintiff and that upon a hearing upon this Court, grant a judgment for the Plaintiff and against the Defendants for any and all actual, special, compensatory, and punitive damages to which this Honorable Court deems the Plaintiff to be entitled, and for attorney fees, interest, court costs, or;

**In the alternative**, the Plaintiff prays that this Honorable Court reinstate the entitlement of the weekly worker's compensation benefit of $550.13 per week plus arrearages from August 28, 2019 to date and to continue forward appropriately, along with continued medical benefits, and any and all further relief under the applicable statutes mentioned above to which this Honorable Court deems the Plaintiffs to be entitled.

**The Plaintiffs are also requesting that it be mandated by this Honorable Court or the U.S. Supreme Court that all trucking companies owning semi-tractors install a ladder in the truck for access to the top bunk and to prevent widespread injuries to other truck drivers in the country.**

/s/ Richard Delorto
By: _____
Pro Se Plaintiff

**Pleading Certification**

I have read the foregoing and certify that to the best of my knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.


                                    /s/ Richard Delorto
                         By: _____
                                    Pro Se Plaintiff

Richard Delorto
Pro Se Plaintiff
211 N. Haman Road
Inverness, IL 6001`0
Email:  radelorto@aol.com
Cell:  (331)221-1516

# EXHIBIT 1

Depart Summary
* Final Report *

De Iorto, Richard - 76186784

| Document Type: | Depart Summary |
| Document Subject: | Depart Summary |
| Performed By: | Howell, Josselyn M, RN on April 10, 2019 10:28 EDT |
| Verified By: | Howell, Josselyn M, RN on April 10, 2019 10:28 EDT |
| Encounter Info: | 000637269481, IUH Methodist Hosp, Emergency, 04/10/19 - 04/10/19 |

## * Final Report *

**Depart Summary (Verified)**

# Indiana University Health
# Methodist Hospital
# Emergency Medicine and Trauma Center

I-65 at 21st Street, PO Box 1367 | Indianapolis, IN 46206 | Phone: (317) 962-8355 | Fax: (317) 962-0841

## PERSON INFORMATION

| Name De Iorto, Richard | Phone (630) 440-2954 | Arrival 04/10/19 08:20:21 |
|---|---|---|
| Sex Male | DOB 08/18/49 | Age 69 Years |
| Visit Type Emergency | Acct# 000637269481 | PCP None, None |

**Visit Reason** Knee pain-swelling; Knee Pain

## DISCHARGE DIAGNOSIS

## DISCHARGE INFORMATION

**Discharge Disposition:** Routine Discharge..............**Discharge Location:** Home

## ALLERGY INFORMATION

No Known Medication Allergies

## PATIENT EDUCATION INFORMATION

Instructions Provided to Patient:
    OSTEOARTHRITIS; KNEE PAIN, Uncertain Cause

Follow up:

| Printed by: | Fisher, Mandy R | Page 1 of 2 |
| Printed on: | 5/14/2019 16:46 EDT | |

XR Knee 3 Views
\* Final Report \*

De Iorto, Richard - 76186784

| | |
|---|---|
| Document Type: | XR Knee 3 Views |
| Document Subject: | XR Knee 3 Views Right |
| Performed By: | Mcdonald, Kellie H, MD on April 10, 2019 08:45 EDT |
| Verified By: | Mcdonald, Kellie H, MD on April 10, 2019 09:12 EDT |
| Encounter Info: | 000637269481, IUH Methodist Hosp, Emergency, 04/10/19 - 04/10/19 |

## \* Final Report \*

**Reason For Exam**
knee pain and locking after trying to get into cab of semi

**Report**
EXAM:  XR Knee 3 Views Right.

DATE: 04/10/2019 08:45 hours

INDICATION:  Knee pain, locking after trying to get out of semi cab.

COMPARISON: None.

TECHNIQUE: 2 views.

FINDINGS:  There is medial compartment joint space narrowing with
tricompartmental osteophyte formation. There is a moderate-sized
suprapatellar effusion. There is no fat fluid level. There is no
evidence of acute fracture or dislocation. There are no osseous
erosions.

IMPRESSION:
1. Tricompartmental osteoarthritis.
2. Moderate-sized suprapatellar effusion.
3. No acute osseous findings.

Thank you for consulting with IUHP Radiology. If you would like to
discuss this case further, please contact the IU Health Methodist
Hospital Emergency Radiology reading room at 317-963-9340.

Electronically Signed by: Mcdonald, Kellie
Dictated on: 4/10/2019 9:09 AM

| | | |
|---|---|---|
| Printed by: | Fisher, Mandy R | Page 1 of 2 |
| Printed on: | 5/14/2019 16:46 EDT | |

XR Knee 3 Views
* Final Report *

De Iorto, Richard - 76186784

**Signature Line**
This examination and reported findings have been reviewed and confirmed by the
undersigned.


Read By:  Mcdonald, Kellie H, MD


I authorize my name to be Electronically affixed by using my unique signature access code.


**Click VIEW IMAGE icon to Display Image**
This document has an image


**Completed Action List:**
* Order by Barton, Allen B, MD on April 10, 2019 08:26 EDT
* Perform by Mcdonald, Kellie H, MD on April 10, 2019 08:45 EDT
* Assist by Royal, McKayle L on April 10, 2019 08:45 EDT
* VERIFY by Mcdonald, Kellie H, MD on April 10, 2019 09:12 EDT
* Review by Willard, Emily , PharmD on April 10, 2019 09:14 EDT
* Review by Howell, Josselyn M, RN on April 10, 2019 09:30 EDT
* Review by Mifflin, Kenora , RN on April 10, 2019 09:22 EDT
* Review by Barton, Allen B, MD on April 10, 2019 09:39 EDT

# EXHIBIT 2

**BEFORE THE IOWA WORKERS' COMPENSATION COMMISSIONER**

ORIGINAL NOTICE AND PETITION
FORM NO. 100 -- (14-0005) 07-09

FILE NUMBER _166 2945_

**(SEE INSTRUCTIONS ON REVERSE SIDE)**

RICHARD DELORTO
Claimant

vs.

CRST International
Employer

Cottingham & Butler
Insurance Carrier

- [x] Arbitration (86.14)
- [ ] Review-Reopening (86.14)
- [x] Medical Benefits (85.27 Benefits)
- [ ] Death Benefits (85.28, 29 31)
- [ ] Dependency (85.42, 43, 44)
- [ ] Equitable Apportionment (85.43)
- [ ] Second Injury Fund (85.63 et seq.)
- [ ] Other (attach petition)

You are notified that an action has been commenced before the Workers' Compensation Commissioner seeking relief under the Chapters of the Iowa Code relating to workers' compensation, occupational disease and occupational hearing loss (Chapters 85, 85A, 85B, 86, and 87). A hearing will be held in the judicial district indicated in No. 12 below. **You are required to file an answer within 20 days of the receipt of this document** or to otherwise move or respond as provided by rule 876-4.9 of the Workers' Compensation Commissioner's Rules. Failure to comply may result in the imposition of the sanctions of Workers' Compensation Commissioner's rule 876-4.36 such as barring you from further activity for failure to appear and respond as required.

The information provided will be open for public inspection under Iowa Code §22.11
IF ADDITIONAL SPACE IS NEEDED, USE REVERSE SIDE; IDENTIFY BY BOX NUMBER

1. Employer's Address
3930 16th Avenue
Street
Cedar Rapids        IA        52404
City        State        Zip

2. Ins. Co. Address
800 Main Street
Street
Dubuque        IA        52001
City        State        Zip

3. Inj. Date(s) 1st injury - 4/10/2019; 2nd injury - 8/18/2019

4. How did injury occur? Climbing into upper bunk inside CRST truck cab over co-driver's belongings; slipped and tore my right drive knee meniscus. 2nd injury - knee buckled and I fell on my right shoulder dislocating it.

5. Parts of body affected or disabled Right drive knee; right shoulder

6. Have voluntary weekly payments been made? Yes X for 16 weeks, then denied        No _____

7. Time disabled (give dates) From 4/10/19 to present

8. Nature and extent of permanent disability: One surgery on right drive knee on 10/18/19; need a knee replacement in 12/19.

9. 85.27 expenses: With whom incurred and amount: Dr. Theodore Suchy, CRST's surgeon, amount unknown

10. State the dispute in this case: After 16 weeks of weekly monetary and medical benefits, CRST denied my claim and discontinued all benefits. I am still going to their doctor in Chicago, IL.

11. County and judicial district where injury occurred (or Polk county if out of state) MARION COUNTY, INDIANA

12. Petitioner requests respondent to agree hearing may be held in the following judicial district

13. If second injury fund benefits a. date of first loss 4/10/19    b. member affected (first loss) Needs knee replacement    c. how affected Surgery required

**DEATH:** 14. Deceased Name N/A    15. Relationship to Claimant N/A    16. Date of Death N/A

17. Funeral Expense $ N/A    18. Dependents (state relationship):a. N/A    b. N/A

The petitioner incorporates by this reference the statutory provisions applicable to the relief sought and prays the Workers' Compensation Commissioner grant the relief sought, set a time and place for the hearing and request the respondents to respond or incur the sanctions noted above.

Richard Delorto
Petitioner's Attorney (Please Print)

_Richard Delorto_
Signature of attorney, or Petitioner if unrepresented)

11/13/2019
Date

211 N. Harman Rd., Inverness, IL 60010
Address of Attorney

847-496-7502
Fax Number of Attorney

Phone of Attorney

radelorto@aol.com
Email address of Attorney

630-440-2954
Phone of Petitioner

14

# EXHIBIT 3

**Patient: RICHARD DE LORTO, Sex: M**
Date of Service: 05/30/2019 (Log# 5415687)
Date of Birth: 08/18/1949 (69 years)
Patient ID: 1297245


**physicians** immediate care

**Physicians Immediate Care - Chicago**
7425 BARRINGTON ROAD
HANOVER PARK, IL 60133-2241
630-823-0392

### Patient Clinical Summary

*CRST Insurance Recommended*

**Patient: RICHARD DE LORTO, Sex: M (ID# 1297245)**
**Date of Birth: 08/18/1949**
**Log# 5415687 (Room# Exam 3)**

**You were seen at Physicians Immediate Care - Chicago (Hanover PK) on Thursday, May 30, 2019.**

**Your Diagnosis for today's visit is:**
- 1. Sprain of other specified parts of right knee, initial encounter

**You have been Prescribed the following medications. Please take as instructed.**

**Medication Orders:**

- Dispensed: IBUPROFEN 200MG 1-2 TAB(s) by mouth Every 8 Hours as directed #50 Refills(0), Take with food
- Dispensed: ACETAMINOPHEN 500MG 1-2 TAB(s) by mouth Every 6 Hours as directed #50 Refills(0), As needed for pain.

**Recommendations/Plan:**
- Please return to the clinic on 6/6/2019 for a recheck. *@ 12:30*
- Fit for duty with the following restrictions: Starting 5/30/2019. Sit down work only. Notes: No driving. May ambulate some with crutches only.
- Due to the extensive length of time you have already taken Ibuprofen with no improvement and received an injection with no improvement, we will order an MRI of the right knee at this time.

  Take 1-2 Advil (Ibuprofen) (200-400 mg) for pain and inflammation 3 times daily.

  Take 1-2 Tylenol (Acetaminophen) (500-1000 mg) every 6-8 hours as needed for pain.

  Ice the affected area for 15 minutes 3 times daily.

  Return in 1 week to go over the MRI results.
- **Referral: MRI**
  **Selected Orders:** Knee w/o contrast, Right
  **Schedule:** To be scheduled within 7 days.
  **Insurance:** CRST INTERNATIONAL
  Preauthorization: Incomplete

  **Notes:**
    - Referral Reason: Persistent pain in the right knee after twisting injury. No improvement with 6 weeks of anti-inflammatory medications.

  Ordered 05/30/2019 06:18 PM by Jamie Anticevich - PA-C
  Electronically Signed by Jamie Anticevich - PA-C on 05/30/2019 06:18 PM

**Thank you for allowing us to serve you today.**
**Please call this clinic at 630-823-0392 if your condition changes or you have any concerns.**

You were discharged by Jamie Anticevich - PA-C on 5/30/2019 6:18:58 PM.

**Page 1 of 3**

Patient: RICHARD DE LORTO, Sex: M
Date of Service: 05/30/2019 (Log# 5415687)
Date of Birth: 08/18/1949 (69 years)
Patient ID: 1297245



Physicians Immediate Care - Chicago
7425 BARRINGTON ROAD
HANOVER PARK, IL 60133-2241
630-823-0392

---

## Work Status Note

Date of Visit: May 30, 2019
Full Name: DE LORTO, RICHARD
SSN: ***-**-3216
Date of initial onset/injury: 4/10/2019
Reason: Joint pain

Diagnoses:

- **Sprain of other specified parts of right knee, initial encounter(S83.8X1A) - No Workup**

**Disposition:**

- Due to the extensive length of time you have already taken Ibuprofen with no improvement and received an injection with no improvement, we will order an MRI of the right knee at this time.

  Take 1-2 Advil (Ibuprofen) (200-400 mg) for pain and inflammation 3 times daily.

  Take 1-2 Tylenol (Acetaminophen) (500-1000 mg) every 6-8 hours as needed for pain.

  Ice the affected area for 15 minutes 3 times daily.

  Return in 1 week to go over the MRI results.

**Work Restrictions:**

- Fit for duty with the following restrictions: Starting 5/30/2019. Sit down work only. Notes: No driving. May ambulate some with crutches only.

**Scheduled Recheck:**

- Please return to the clinic on 6/6/2019 for a recheck.

**Patient was discharged by Jamie Anticevich - PA-C on 5/30/2019 6:18:58 PM**
**Signed electronically by Jamie Anticevich - PA-C on 5/30/2019 6:18:58 PM**

**Page 1 of 1**

# EXHIBIT 4

**Advocate Good Shepherd Hospital**
450 West Highway 22, Barrington, Illinois 60010
Main Hospital: (847) 381-0123
Emergency Department: (847) 842-4444
Emergency Department Director: (847) 842-4231

## Discharge Instructions

*Given the multitude of health plans and insurance coverage, we recommend that you check with your primary care physician and/or Health Plan to make sure that your referral, if necessary, will be covered by your insurance.*

**Patient Information**
**Name:** DELORTO, RICHARD    **Date of Birth:** 8/18/1949 12:00 AM    **Arrival Time:** 7/09/2019 7:21 PM

**Emergency Care Provider:** SALZMAN-DO, RYAN

## Patient Instructions
**DELORTO, RICHARD** has been given the following list of prescriptions, follow-up instructions, and patient education/performed procedure materials. Please read your instructions carefully:

**Prescriptions:**

**Fill New Prescriptions:**
acetaminophen-hydrocodone (Norco oral 325-5 mg tablet) 1 tab Oral Every 6 hours (explicit times) 2 days as needed for for pain

An ER Physician has reviewed the medication list given at the time of your initial ER evaluation and considered them during treatment, prescribing, and at discharge. If there are medications that you are taking, but did not inform the physician, please consult your primary care physician.

**You/Your significant other have received examination and treatment on an emergency basis. If no specific follow-up instructions have been provided, please contact your doctor or the doctor we have referred you to within 24 hours to arrange for follow-up care. Please return to this facility if you encounter any problems, or if you are unable to contact your physician.**

**Follow-up Instructions:**

**With:**              **Address:**              **When:**

Name: DELORTO, RICHARD                    1 of 9                    MRN: GSH-000471894

| Follow up with primary care provider | Within 3 to 5 days |
|---|---|

**Patient Education and Performed Procedure Materials**
DELORTO, RICHARD has been given the following Patient Education based on your evaluation and/or procedures performed during this visit:

Rib Fracture, Easy-to-Read

Advocate Good Shepherd Hospital Emergency Department is certified by the state of Illinois as a Level II Trauma Center and is an Emergency Department Approved for Pediatrics. We would like to thank you for allowing us to assist you with your healthcare needs. We strive to provide excellence to all patients who come to our hospital for their care needs. In a few days you may receive a survey by mail asking you to rate our service. We would like to know if there is anything else we could have done for you and your family during your visit that would ensure an outstanding experience. Survey information is shared with our staff weekly to guarantee we continue to meet your healthcare needs.

The following pages are the Home Care instructions regarding this visit to your Emergency Department. This information is important for explanations about why you came to see us today and for follow up care. Please read all the information provided. We also included some emergency related healthcare information which, as a community organization we find important for you to know.

**Today's Visit: PLEASE READ:** We examined and treated you today on an emergency basis only. This was not a substitute for or an effort to provide you complete medical care. In most cases, you must let your doctor check you again. Tell your doctor about any new or lasting problems or symptoms. We cannot recognize and treat all injuries or illnesses in one Emergency Department visit.

**SPECIAL TESTS:** X-ray results are reviewed again within 24 hours. We will call you if there are any new suggestions. All x-ray diagnoses that are made through the Emergency Department are provisional. These are reviewed and a final report is given by a Radiologist. If you need x-ray copies contact the hospital.
If cultures were taken at the time of your emergency visit, they will not be ready until one or several days afterwards. If your culture results are positive, you will be notified if any change in treatment is necessary.

If you need to locate another physician other than the one referred please contact Health Advisor at 1800-3-ADVOCATE.

# EXHIBIT 5



**CBCS**
A BETTER CLAIMS EXPERIENCE

August 23, 2019

RICHARD DE LORTO
211 N HAMAN RD
INVERNES, IL 60010

Our Insured: CRST Expedited, Inc.
Claim Number: CRL149907A
Date of Incident: 04/10/2019

Dear Mr. De Lorto,

Cottingham & Butler Claims Services is the third party claims administrator for CRST
Expedited, Inc.

The employer has been investigating the compensability of your claimed 4/10/19  knee
injury and has concluded that your knee condition and any related condition, including your
recent shoulder injury, did occur within the course and scope of your employment nor did
not arise from your employment.

You reported an injury when you allegedly were climbing into the top bunk in the
employer's tractor while the tractor was parked somewhere in Indiana.  You reported to
Max Huss, with CBCS, that the injury was spontaneous and you did not report any
direct trauma to the knee when you believe the injury occurred.  You stated that you yelled
loudly with pain when you were climbing into the bunk around 6:30 am.  Your co-driver,
Michael Buckley, was in the tractor when this occurred.  You denied any prior episode or
activity involving injury to your knee while working for the employer.

Mr. Buckley was interviewed and he stated that you were walking with a limp and hobbling
even before you began the student driving experience that took you to Indiana.  Mr.
Buckley reported that you were barely able to perform the pre-trip inspection and had
observable difficulty getting in and out of the tractor. These observable limitations and
signs of injury pre-dated your reported time of injury.  Mr. Buckley also noted that you
were rubbing your knee whenever you were driving prior to the time of your work
injury.  Mr. Buckley also denied the yelling episode that you described occurring even
though he was in the tractor at the same time.

In order for an injury to be compensable under workers' compensation laws, your injury
must have been caused by or a result of a work incident or activity.  The information
contained above establishes that your reported knee complaints were preexisting and not
caused by the event you described; therefore, the employer must respectfully decline any
obligation to provide additional workers' compensation benefits to you going
forward.  Given that any condition to your knee is personal and not work-related, you
should pursue any medical care through sources other than workers' compensation.

www.CBCSclaims.com

800 Main Street  |  Dubuque, Iowa 52001  |  877.288.0643



If you disagree with this determination you may provide to me additional information or evidence to consider or you may contact the Iowa Workers' Compensation Commissioner at 1000 East Grand Avenue Des Moines, Iowa or call at 515 725 4120.

Thank you for your attention to the above.

Sincerely,

Max Huss
Workers Compensation Representative
CBCS
877-241-6121 x 5590

# EXHIBIT 6

**From:** Richard Delorto <radelorto@aol.com>
**Sent:** Wednesday, October 16, 2019 10:42 AM
**To:** Alexandria Grafton <agrafton@crst.com>
**Subject:** CONFIRMATION OF MY EMPLOYMENT WITH CRST

EXTERNAL EMAIL - This email is from radelorto@aol.com who is outside of the organization.

Hello Alexandria,

I'd like to know if I'm still employed with CRST.  Please email me.  Thank you.

Richard Delorto

Email:  radelorto@aol.com

**From:** Alexandria Grafton <agrafton@crst.com>
**To:** Richard Delorto <radelorto@aol.com>
**Subject:** RE: CONFIRMATION OF MY EMPLOYMENT WITH CRST
**Date:** Wed, Oct 16, 2019 11:27 am

No sir, I don't show you as being active in our system.

CRST EXPEDITED

# COMMITTED TO CHANGE. COMMITTED TO YOU.

2019

Thank you,

***Alexandria Grafton***
***Driver Manager***

CRST Expedited
1332 Edgewood Rd SW
Cedar Rapids, IA 52404
Direct: 866-935-5647
Fax# 319-739-5289
AGrafton@CRST.com
www.CRST.com

CRST Values Safety; Make Safety Part of Everything You Do!

This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18USC.2520-2521. It is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.